# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES,<br>  *Plaintiff*,<br><br>  v.<br><br>LISA LANDMAN,<br>  *Defendant.* | No. 3:16-cr-168-1 (VAB) |

**RULING AND ORDER ON MOTION TO RECONSIDER SUPERVISED RELEASE**

Lisa Landman ("Defendant") requests that she be released from the remainder of her term of supervised release. Mot., ECF No. 32 (Nov. 25, 2019) ("Def.'s Mot."). The Government opposes the Defendant's motion. Gov't Opp'n, ECF No. 33 (Dec. 13, 2019) ("Gov't Opp'n").

For the following reasons, the motion to reconsider is **DENIED.**

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 19, 2017, after pleading guilty to one count of wire fraud under 18 U.S.C. § 1343, Ms. Landman was sentenced to three months imprisonment, three years of supervised released, a special assessment of $100.00, and restitution. Judgment, ECF No. 22 (Jan. 19, 2017).

On November 25, 2019, Ms. Landman moved for early termination of supervised release. Def.'s Mot.

On December 13, 2019, the Government filed a memorandum in opposition to her motion. Gov't Opp'n.

## II. STANDARD OF REVIEW

The Court may "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release. . . if the court. . . finds by a preponderance of the

1

evidence that the defendant violated a condition of supervised release. . . ." 18 U.S.C. § 3583(e)(3); *see also United States v. Lussier*, 104 F.3d 32, 35-36 (2d Cir. 1997). Moreover, the Court may also "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release. . . if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." § 3583(e)(1). In determining whether to end a defendant's supervised release early under this subsection, the Court considers the factors identified in 18 U.S.C. § 3553(a), and whether "new or unforeseen circumstances" have arisen that justify termination. *Lussier*, 104 F.3d at 35-36.

### III. DISCUSSION

Ms. Landman seeks to be released early from supervised release. Def.'s Mem. She states that she has "met all terms that have been required of [her] and feel[s] confident that [she is] ready to move to the next phase of [her] life." *Id.* Her probation officer suggested that she move for early release. *Id.*

The Government opposes this motion. The Government argues that Ms. Landman "does not offer any information that justifies early termination of her supervised release." Gov't Opp'n at 4. In their view, Ms. Landman "makes no assertion of extraordinary conduct or changed circumstances that make her supervised release unduly burdensome or harsh." *Id.* Nor does she "identify any particular hardship or injustice that would result from her completing the term of supervised release." *Id.* Lastly, Ms. Landman "still owes approximately $403,000" of restitution. *Id.* at 5.

"The decision whether to grant early termination of supervised release under § 3582(e) rests within the discretion of the district court." *United States v. Rasco*, No. 88 CR 817 CSH, 2000 WL 45438, at *1 (S.D.N.Y. Mar. 1, 2010). The Court considers "general punishment issues

2

such as deterrence, public safety, rehabilitation, proportionality, and consistency," in deciding to reduce the terms or conditions of supervised release. *Lussier*, 104 F.3d at 35.

Ms. Landman has approximately four months left of supervised release. Ms. Landman, however, fails to provide a compelling reason as to why her term of supervised release should be terminated early. She also has not finished paying the restitution owed as part of her sentence. Ms. Landman has identified neither any justification or changed circumstances that otherwise warrants early termination, nor general punishment goals that would be served by a modification.

Accordingly, her motion is denied.

### IV. CONCLUSION

For the reasons explained above, the Court **DENIES** the motion for early termination of supervised release.

**SO ORDERED** at Bridgeport, Connecticut, this 12th day of February, 2020.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge